ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ISRAEL MALDONADO SANTIAGO<br><br>PETICIONARIO<br><br>V.<br><br>ADELAIDA NIEVES VALENTÍN<br><br>RECURRIDO | KLCE202400926 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: JAC2010-0356<br><br>Sobre: Liquidación de comunidad post ganancial |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

Comparece el señor Israel Maldonado Santiago (Sr. Maldonado Santiago; peticionario) mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) el 24 de julio de 2024 y notificada el 31 de julio de 2024. En la referida decisión, el TPI refirió el caso de autos a la Sala de Familia para que se ventilara dentro del caso de divorcio Núm. JDI2004-0231 y que se aplicaran los artículos 477 al 483 del Código Civil de 2020 a una *Sentencia* dictada el 18 de marzo de 2016.

Por las razones que expondremos a continuación, expedimos el auto de *certiorari* y revocamos la resolución recurrida.

**I**

El 1 de febrero de 2005, el TPI emitió una *Sentencia* en el caso Civil Núm. JDI2004-0231 mediante la cual declaró Ha Lugar una *Demanda* sobre divorcio por ruptura irreparable presentada por la señora Adelaida Nieves Valentín (Sra. Nieves Valentín) contra el Sr. Maldonado Santiago.[1] En consecuencia, el TPI declaró roto el vínculo matrimonial, le impuso al Sr. Maldonado Santiago el pago de la pensión alimentaria en

---

[1] Apéndice del recurso, págs. 9-10.

beneficio de la menor procreada entre ambos, patria potestad compartida y relaciones paternofiliales de forma abierta.

Según surge del expediente del caso de epígrafe, el 18 de junio de 2010, el Sr. Maldonado Santiago presentó una *Demanda* sobre división de comunidad para los bienes existente sobre una propiedad inmueble localizada en la Urb. Villa Paraíso adquirida por las partes mediante la Escritura Núm. 11 de 23 de diciembre de 1998.[2] Ante esto, el 4 de abril de 2014, el TPI dictó *Sentencia* declarando No Ha Lugar la *Demanda* sobre división de comunidad y desestimó con perjuicio la reclamación instada por el Sr. Maldonado Santiago.[3]

Inconforme, el Sr. Maldonado Santiago acudió ante este Tribunal de Apelaciones.[4] No obstante, mientras el caso se encontraba en apelación, la Sra. Nieves Valentín presentó una solicitud en el caso Civil Núm. JDI2004-0231, para que se decretara como hogar seguro **en favor de la menor procreada entre las partes**, el bien inmueble localizado en la Urb. Villa Paraíso, el cual es objeto de la controversia en el caso de autos.[5] Así pues, el TPI emitió una *Resolución y Orden* en el caso Civil Núm. JDI2004-0231 el 18 de marzo de 2016, notificada el 9 de mayo de 2016, mediante la cual estableció como hogar seguro, **a beneficio de la menor**, la propiedad sita en la Urb. Villa Paraíso.[6]

Por otro lado, el 30 de julio de 2016, se emitió una *Sentencia* en el caso KLAN201400796, en la cual se revocó la *Sentencia* apelada que desestimó el TPI con perjuicio sobre la *Demanda* de división de comunidad.[7] Asimismo, se devolvió el caso al foro primario para que procediera a liquidar la comunidad de bienes integrada por el Sr. Maldonado Santiago y la Sra. Nieves Valentín sobre el bien inmueble adquirido el 23 de diciembre de 1986 mediante la Escritura Núm. 11.

---

[2] Apéndice del recurso, págs. 11-18. Véase, además, KLAN201400796.
[3] Véase KLAN201400796.
[4] Véase KLAN201400796.
[5] Apéndice del recurso, pág. 19.
[6] Apéndice del recurso, págs. 26-27
[7] Véase KLAN201400796.

Así las cosas, el TPI dictó una *Sentencia* en el caso JAC2010-0356 el 23 de agosto de 2016, notificada el 26 del mismo mes y año, en la cual declaró Con Lugar la *Demanda* sobre división de comunidad presentada por el Sr. Maldonado Santiago.[8] De este modo, el foro primario ordenó la terminación de la comunidad existente y la liquidación y división de la propiedad inmueble objeto de la controversia, la cual fue adquirida mediante compraventa, según surge de la Escritura Núm. 11 otorgada el 23 de diciembre de 1998 ante la Notario Cristina A. Yunes Méndez.

Posteriormente, el 16 de noviembre de 2022, el Sr. Maldonado Santiago presentó una *Moción Urgente para el Cese de Pensión Alimentaria* en el caso Civil Núm. JDI2004-0231.[9] En la referida moción, el Sr. Maldonado Santiago le solicitó al TPI que lo relevara de pagar la pensión alimentaria de su hija toda vez que esta advino a la mayoría de edad. Así pues, el 14 de febrero de 2023, el TPI emitió una *Resolución y Orden* en el caso Civil Núm. JDI2004-0231 a través de la cual relevó al Sr. Maldonado Santiago del pago de pensión alimentaria de su hija por esta haber advenido a la mayoría de edad.[10]

El 24 de julio de 2024, el TPI emitió una *Resolución* en el caso JAC2010-0356, notificada el 31 de julio de 2024. Mediante esta, el foro primario ordenó a las partes reclamar bajo los Artículos 477 a 483 del Código Civil de 2020, *infra*. Además, señaló que, conforme a los artículos del Código Civil de 2020 antes citados, la reclamación de derecho a hogar seguro debía ventilarse en el mismo expediente de divorcio del caso JDI2004-0231 en la Sala de Familia. Por tanto, el foro primario refirió el caso a la Sala de Familia para la evaluación de la *Resolución* de hogar seguro en beneficio de la Sra. Nieves Valentín a permanecer en la vivienda familiar objeto de la controversia. Igualmente, les ordenó a las partes notificarle dentro de treinta (30) días después de la decisión que tomara la Sala de Familia en el caso de divorcio Núm. JDI2004-0231.

---

[8] Apéndice del recurso, págs. 11-19.
[9] Apéndice del recurso, págs. 28-30.
[10] Apéndice del recurso, pág. 31.

Inconforme, el Sr. Maldonado Santiago acudió ante nosotros y realizó los siguientes señalamientos de error:

**Primer Error:** Incidió en error del derecho el Tribunal de Primera Instancia, al enmendar mediante resolución la ejecución de una sentencia la cual es final y firme, dictada el 23 de agosto de 2016, para incluir en la misma las nuevas disposiciones de los Artículos 477 al 483 del nuevo Código Civil del 2020, haciendo una enmienda a la sentencia dictada, sin tener jurisdicción.

**Segundo Error:** Incidió en error de derecho el Tribunal de Primera Instancia, al paralizar los efectos fijados en una sentencia válida dictada el 23 de agosto de 2016, para aplicarles las disposiciones establecidas en el Código Civil del 2020 que no existían al momento de radicarse la demanda sobre liquidación de comunidad en el 2010, y no fueron traído[s] como defensa por la parte demandada en su contestación a la demanda.

**Tercer Error:** Incidió en error el Tribunal de Primera Instancia, en la interpretación incorrecta del derecho para asumir jurisdicción sobre una sentencia final y firme dictada el 23 de agosto de 2016, con el propósito de enmendarla mediante resolución para la aplicabilidad de las disposiciones de los Artículos 477 al 483 del nuevo Código Civil del 2020.

Examinado el recurso, ante la falta de comparecencia de la parte recurrida, prescindimos de su comparecencia según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II**

**A.**

El recurso de *certiorari* es un remedio procesal discrecional que permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999).

En nuestro ordenamiento procesal civil y en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1, dispone lo siguiente:

[…]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Es norma establecida que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. Por excepción, se permite que el Tribunal de Apelaciones puede revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de casos de relaciones de familia, como el de autos. Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una primera parte objetiva y una segunda parte subjetiva.

En primer lugar, debemos determinar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si procede la evaluación del recurso bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los

méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, se evalúa "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido [o] una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que, como Tribunal revisor, nos ceñirnos a los criterios antes señalados. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Si luego de justipreciar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo. Véase, 32 LPRA Ap. V, R. 52.1.

**B.**

Como norma general, las leyes no tendrán efecto retroactivo. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 777 (2022). Sin embargo, una ley podrá

tener efecto retroactivo cuando se disponga expresamente lo contrario. *Id.* El Artículo 9 del Código Civil de 2020, Ley Núm. 155-2020 (Código Civil de 2020), según enmendado, dispone que "[l]a ley no tiene efecto retroactivo, excepto cuando se dispone expresamente lo contrario. El efecto retroactivo de una ley, no puede perjudicar los derechos adquiridos al amparo de una ley anterior." 31 LPRA sec. 5323. Asimismo, el Artículo 9 del Código Civil de 2020, *supra*, mantiene la norma de la irretroactividad de las leyes contenida en el Artículo 3 del derogado Código Civil de 1930, 31 LPRA sec. 3, por lo que es de aplicación la jurisprudencia interpretativa de este último al Código Civil vigente. M. R. Garay Aubán, *Código Civil 2020 y su historial legislativo: Artículo, Referencias, Concordancias, Notas del Compilador y Memoriales Explicativos*, 2da. ed., San Juan, Ed. Situm, 2021, T. 1, pág. 25-26.

De igual forma, el Artículo 1806 del Código Civil de 2020, 31 LPRA sec. 11711, establece que las disposiciones de dicho código que perjudican los derechos adquiridos según la legislación civil anterior, no tienen efecto retroactivo. En cuanto al concepto de derechos adquiridos, el Tribunal Supremo ha pautado lo siguiente:

> [E]l derecho adquirido no puede ser el conjunto de facultades que la ley anterior permitía que los ciudadanos ejercitaran, ya que esto sería el estado de derecho objetivo que la nueva ley intenta cambiar. El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. Así, los tratadistas distinguen entre la mera expectativa del derecho y los derechos adquiridos que ya entraron en el patrimonio de los sujetos involucrados. *Consejo Titulares v. Williams Hosp.*, 168 DPR 101, 109 (2006) citando a M. Albaladejo, *Derecho Civil*, 11ma ed., Barcelona, Ed. Bosch, 1989, T. I, Vol. 1, pág. 204.[11]

Según nuestro Tribunal Supremo, "la irretroactividad de las leyes que afecten derechos adquiridos aplica solamente a estatutos de carácter sustantivo, no a disposiciones procesales o adjetivas, de interés público." *RPR & BJJ, Ex Parte*, 207 DPR 389, 422 (2021). De igual modo, el Tribunal Supremo ha reconocido la retroactividad de una ley cuando surja

---

[11] Véase, M. R. Garay Aubán, *Código Civil 2020 y su historial legislativo: Artículo, Referencias, Concordancias, Notas del Compilador y Memoriales Explicativos*, 2da. ed., San Juan, Ed. Situm, 2021, T. V., págs. 372-373.

de la intención legislativa de forma expresa o tácita. *Rivera Padilla et al. v. OAT*, 189 DPR 315, 340 (2013). Dicha intención debe desprenderse del estatuto. *Id.* "[A]nte la omisión de un mandato expreso del legislador, solamente procede impartirle efecto retroactivo a una ley cuando es obvio y patente el propósito legislativo en casos, en los cuales la aplicación retroactiva es necesaria para corregir un grave mal social y así poder hacer justicia." *Torres Rodríguez v. Carrasquillo Nieves*, 177 D PR 728, 758 (2009). Sin embargo, aún cuando la ley exprese la retroactividad o así surja de la intención legislativa, dicho estatuto no podrá afectar los derechos adquiridos por las partes en virtud de la legislación anterior. *Consejo Titulares v. Williams Hospitality*, 168 DPR 101, 108 (2006).

Por otro lado, el Artículo 1808 del Código Civil de 2020, 31 LPRA sec. 11713, dispone lo siguiente:

> Las **acciones y los derechos nacidos y no ejercitados antes de la entrada en vigor de este Código subsisten con la extensión y en los términos que le reconoce la legislación precedente**; pero sujetándose, en cuanto a su ejercicio y procedimientos para hacerlos valer, a lo dispuesto en este Código. Si el ejercicio del derecho o de la acción se halla pendiente de procedimientos comenzados bajo la legislación anterior*,* y estos son diferentes de los establecidos en este Código, pueden optar los interesados por unos o por otros.

### C.

El Artículo 109-A del Código Civil de 1930 (Código Civil de 1930), 31 LPRA sec. 385a, dispone lo siguiente:

> El cónyuge a quien por razón del divorcio se le concede la custodia de los hijos del matrimonio, que sean menores de edad, que estén incapacitados mental o físicamente sean estos mayores o menores de edad o que sean dependientes por razón de estudios, hasta veinticinco (25) años de edad, tendrá derecho a reclamar como hogar seguro la vivienda que constituyó el hogar del matrimonio y que pertenece a la sociedad de gananciales**, mientras dure la minoría de edad, la preparación académica o la incapacidad de los hijos que quedaron bajo su custodia por razón de divorcio.**
>
> **La propiedad ganancial que constituye el hogar seguro no estará sujeta a división mientras dure cualesquiera de las condiciones en virtud de las cuales se concedió**. Disponiéndose que el derecho de hogar seguro podrá reclamarse desde que se necesitare, pudiendo ser reclamado en la demanda de divorcio, durante el proceso, o

luego de decretarse el mismo. **Una vez reclamado**, el juzgador determinará lo que en justicia procede de acuerdo con las circunstancias particulares de cada situación.

El cónyuge **que reclama** el derecho a hogar seguro podrá retener todos aquellos bienes de uso ordinario en la vivienda.

Cuando se reclame el derecho de hogar seguro luego de decretado el divorcio, el mismo podrá ser concedido por el Tribunal que conoció del divorcio. (Énfasis nuestro.)

Este Artículo 109-A del Código Civil de 1930, *supra*, **regulaba la constitución de la vivienda familiar en el hogar seguro para los hijos e hijas** que, en ocasión del divorcio, quedan bajo la custodia de uno de sus progenitores, quien también podrá disfrutar de la protección legal que les garantiza un techo estable y adecuado por tiempo indefinido. M. Fraticelli Torres, *La Protección De La Vivienda Familiar En La Propuesta De Un Nuevo Código Civil Para Puerto Rico*, 48 Rev. Jur. UIPR 113, 116 (2014).

Además, se desprende del artículo antes citado que este establece una indivisibilidad de la vivienda familiar que fue hogar del matrimonio disuelto. R. Serrano Geyls, *Derecho de Familia de Puerto Rico y Legislación Comparada*, San Juan, Programa de Educación Jurídica Continua Universidad Interamericana de Puerto Rico, Facultad de Derecho, 2002, V. II, pág. 1417-1418. Asimismo, surge claramente del articulo anterior que la vivienda mantendrá la indivisibilidad **hasta que el último hijo de los excónyuges sea dependiente por razón de estudio o cumpla los veinte cinco años de edad**. *Id*.

El concepto de hogar seguro es de origen norteamericano e inicialmente ofrecía protección al deudor sobre su patrimonio, ante los reclamos de un acreedor acaparador. Fraticelli Torres, *op. cit*. Sin embargo, **posteriormente comenzó a utilizarse el concepto para incluir el derecho de los hijos e hijas a permanecer con uno de sus progenitores en la residencia familiar, luego del divorcio de estos**. *Id*. De este modo, el hogar seguro tiene el propósito de garantizar la adscripción de la residencia habitual al padre o madre custodio en función

del beneficio que representa para la familia. *Candelario Vargas v. Muniz Díaz*, 171 DPR 530 (2007). "Esto es consecuencia obligada del principio ampliamente recogido en nuestro Derecho positivo y en nuestra jurisprudencia **de proteger los mejores intereses de los hijos**." (Énfasis nuestro). *Id.*, pág. 540 (2007).

En Puerto Rico, el Artículo 109-A del Código Civil de 1930, *supra*, fue incorporado mediante enmienda bajo la Ley Núm. 184-1997. La exposición de motivos del referido estatuto señala que la enmienda vino a llenar el vacío del Código Civil de 1930 referente al lugar donde residirán **los hijos e hijas del matrimonio disuelto con el padre o madre que tenga la custodia y patria potestad de estos. Véase, además** *Cruz Cruz v. Irrizary Toledo* 107 DPR 655 (1978). Exposición de Motivos de la Ley Núm. 184 de 26 de diciembre de 1997 ([Parte 2] Leyes de Puerto Rico 918). Asimismo, nuestro Alto Foro ha señalado lo siguiente:

> El propósito principal de esta legislación, según se desprende de su historial legislativo, fue, precisamente, "hace[rle] justicia a la institución de la familia". Exposición de Motivos de la Ley Núm. 184 de 26 de diciembre de 1997, (Parte 2) Leyes de Puerto Rico 918. Véase, además, *Rodríguez v. Pérez*, supra. **Se trata de salvaguardar el bienestar de los hijos cuando por la separación de sus padres se encuentran en una situación de inestabilidad respecto a su vivienda**. Véanse: XLVIII (Núm. 25) Diario de Sesiones (Senado), 6 de noviembre de 1997, pág. 6854; Comunicación de la Oficina de Asuntos de la Juventud, Oficina del Gobernador, sobre el P. del S. 194, 14 de marzo de 1997. No hay por qué disgregar a los hijos del entorno que han conocido desde siempre. El interés propietario del padre tiene que tomar un segundo plano frente a lo que es el mejor bienestar de sus hijos. De ahí que el artículo aprobado no incluya límites de valor monetario al derecho de hogar seguro. (Énfasis nuestro.) *Candelario Vargas v. Muñiz Díaz*, *supra*, pág. 542.

No obstante, **el derecho a hogar seguro no podrá afectar los intereses propietarios del otro excónyuge, por lo que este tendrá el derecho a reclamar su parte cuando cese la causa del referido derecho**. *Id.* Es decir, su reclamación ganancial sobre la vivienda quedará paralizada por el tiempo que subsistan las circunstancias que le dan calidad de hogar seguro y mientras la recta razón de equidad ampare el derecho de sus ocupantes. *Cruz Cruz v. Irizarry Tirado*, *supra*.

Por otro lado, en el año 2020 se aprobó un nuevo Código Civil en Puerto Rico. En su Artículo 477 del Código Civil de 2020, 31 LPRA sec. 6851, se establece el derecho a permanecer en la vivienda familiar, como sigue:

> Cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia antes de iniciarse el proceso de divorcio. Este derecho puede reclamarse desde que se necesita, en la petición de disolución del matrimonio, durante el proceso o luego de dictarse la sentencia. En los casos donde la vivienda familiar principal sea privativa de cualquiera de los excónyuges y exista otra vivienda perteneciente a la Sociedad de Gananciales, el Tribunal podrá establecer como vivienda familiar la propiedad perteneciente a la Sociedad de Gananciales. En los casos en que no exista una vivienda perteneciente a la Sociedad de Gananciales, el tribunal determinará como se cumplirá con el derecho a hogar seguro.

Asimismo, el Artículo 479 del Código Civil de 2020, 31 LPRA sec. 6853, establece que:

> Desde la concesión del derecho a permanecer en la vivienda familiar, el inmueble se convierte en el hogar seguro del solicitante y de los beneficiados al momento de su concesión que han de convivir en él. El tribunal identificará a todos los beneficiados en la sentencia y establecerá las condiciones y el plazo en que cada cuál ha de disfrutarlo.

**III**

En su recurso de *certiorari*, la apelante nos presentó tres (3) señalamientos de error por parte del foro primario. En esencia, la parte apelante señala en su primer error **que el TPI incidió al enmendar una sentencia final y firme para incluir las nuevas disposiciones de hogar seguro del nuevo Código Civil de 2020**, *supra*. Además, plantea en su segundo error **que incidió el foro primario al paralizar los efectos de la *Sentencia* final y firme para aplicarle las disposiciones de hogar seguro del nuevo Código Civil**, **las cuales no existían al momento de dicha *Sentencia* y no fueron levantadas como defensa por la Sra. Nieves Valentín**. Por último, plantea **que el TPI erró al asumir jurisdicción sobre una sentencia final y firme con el propósito de enmendarla con las nuevas disposiciones de hogar**

**seguro contenidas en el Código Civil de 2020**, *supra*. El Sr. Maldonado Santiago tiene razón.

La resolución recurrida se emitió el 24 de julio de 2024 y notificada el 31 de julio de 2024, en el caso JAC2010-0356, **luego de haberse advenido final y firme la Sentencia emitida el 23 de agosto de 2016 y notificada el 26 de agosto de 2016**, en el mismo caso JAC2010-0356.[12] Habiéndose aprobado el nuevo Código Civil de 2020, al emitirse la resolución recurrida, el TPI erró al **enmendar una sentencia final y firme** para aplicar las nuevas disposiciones de hogar seguro del nuevo Código Civil de 2020, sin que se haya presentado moción alguna, por la Sra. Nieves Valentín previo a la vigencia del Código Civil de 2020. La resolución recurrida afecta los derechos adquiridos del recurrente ya que se había ordenado la liquidación de la comunidad previo a que se archivara el caso por el derecho a hogar seguro de la menor. Las partes descansaron en el estado de derecho que regía al amparo de la ley anterior. Además, el derecho a hogar seguro terminó porque la menor ya cumplió la mayoría de edad y el Código Civil de 1930 no otorgaba hogar seguro para los excónyuges, era para los menores de edad.

Reiteramos que no surge del expediente que la excónyuge haya solicitado el derecho a hogar seguro para ella y el derecho es rogado. El TPI refirió el caso a la Sala de Familia *motu proprio*. Finalmente, el memorial explicativo del Art. 477 de CC de 2020, señala que como es imposible fijar un plazo, se debe evaluar la diligencia en la solicitud porque la Incuria puede provocar la extinción. Luego de examinar minuciosamente el recurso, su apéndice y la resolución recurrida, resolvemos que el Tribunal de Primera Instancia erró en la aplicación del derecho, por lo que procede expedir el auto de *certiorari* y revocar la resolución recurrida.

**IV**

---

[12] Apéndice del recurso, págs. 11-19.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución* apelada.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Aldebol Mora disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones